IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| _____ ) | |
| ) | |
| **NAWAL ALI,** ) | |
| ) | |
| Appellant, ) | |
| ) | No. 23-1470 |
| v. ) | |
| ) | |
| **BC ARCHITECTS** ) | |
| **ENGINEERS PLC** ) | |
| ) | |
| Appellee. ) | |
| ) | |
| _____ ) | |

**APPELLEE BC ARCHITECTS ENGINEERS PLC'S
MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION**

**I.    INTRODUCTION**

On March 31, 2023 the District Court granted BC Architects' motion for sanctions pursuant to 28 U.S.C. § 1927. District Court Document No. 117, attached as Exhibit A. The District Court directed BC Architects to file its request for fees and costs, with supporting documentation establishing the number of hours and hourly rates claimed, within 30 days. BC Architects filed its detailed request for attorneys' fees and costs on April 19, 2023, supporting a loadstar request of $66,894.10 with affidavits and detailed time records. District Court Document No. 118. The District Court has not issued a final ruling on BC Architects' request for

attorneys' fees and costs. Nonetheless, on April 30, 2023, Plaintiff-Appellant Ms. Ali filed a notice of appeal in the District Court and the appeal in this Court ensued. District Court Document No. 119.

Because the District Court's March 31 Order was not a final decision, and the District Court has not subsequently issued a final decision setting the amount of fees imposed on Ms. Ali's counsel, this Court has no jurisdiction pursuant to 28 U.S.C. § 1291. The appeal should be dismissed.

## II.   PROCEDURAL HISTORY

Ms. Ali initiated this race discrimination case under 42 U.S.C. § 1981 by filing a complaint on November 6, 2018. The District Court granted BC Architects' motion to dismiss the case on May 1, 2019. District Court Document No. 26. Ms. Ali noted her appeal from the District Court's 2019 decision and on October 16, 2020 this Court, in No. 19-1582, affirmed in part and reversed in part the District Court's judgment; four counts of the amended complaint were dismissed and one count for race retaliation was remanded for further proceedings.

On remand, BC Architects filed a motion for summary judgment on April 2, 2021. District Court Document Nos. 68-69. The District Court granted BC's motion for summary judgment on May 28, 2021. District Court Document No. 82. BC subsequently filed its motion for Attorneys' Fees and Costs Pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927 on June 11, 2021. District Court Document

Nos. 84-85.  The District Court heard oral argument on the motion for attorneys' fees and sanctions on July 14, 2021.  Prior to disposition of that motion, Ms. Ali noted her appeal from the Court's entry of summary judgment in BC Architects' favor.

On December 29, 2022 this Court, in No. 21-1736, affirmed the District Court's entry of summary judgment in favor of BC Architects.

On March 31, 2023 the District Court granted BC Architects' Motion for Sanctions pursuant to 28 U.S.C. § 1927.  Exhibit A.  As noted above, the District Court has not issued a final ruling on the amount of sanctions to be imposed on Ms. Ali's counsel Mr. Dhali.  On April 30, 2023, Mr. Dhali filed a notice of appeal that has docketed and initiated this appeal.

### III.   ARGUMENT

There is no legal basis or authority to support Ms. Ali's filing of a notice of appeal at this stage of the proceedings.  The notice of appeal is premature and facially defective on the grounds that the District Court's March 31 Order was not a final appealable order.  Controlling law holds that the notice of appeal is facially invalid to establish jurisdiction in this Court and thus the appeal should be dismissed.

First, 28 U.S.C. § 1291 states that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all ***final*** decisions of the district courts of the United

States . . . ." (emphasis added). The District Court's March 31 Order was clearly not a final decision; the Order did not establish the amount of attorneys' fees and costs to be imposed upon Mr. Dhali and invited further submissions from the parties on that topic. Exhibit A at 14. Both parties submitted filings to the District Court after the issuance of the March 31 Order and after the April 30 notice of appeal.

It is hornbook law in all federal circuits, including the Fourth Circuit, that a Court of Appeals may only exercise judgment over a final judgment from a District Court. *Kinsale Ins. Co. v. Jdbc Holdings, Inc.*, 31 F.4th 870, 873 (4th Cir. 2022) ("The United States Supreme Court long-ago clarified that "a 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S. Ct. 631, 89 L. Ed. 911 (1945)."). Orders that establish liability, but leave unresolved the question of damages, are interlocutory and generally non-appealable: "The Supreme Court has also clarified that grants of partial judgment that establish liability are only interlocutory. *See* Fed. R. Civ. P. 56(c). Also, "where assessment of damages or awarding of other relief remains to be resolved," such partial judgments are not "considered to be 'final.'" *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976)." *Kinsale,* 31 F.4th at 873.

The Second Circuit has dealt with the exact scenario presented here multiple times, and has come to the unequivocal conclusion that attorney fee awards that leave open the question of the amount of fees are not final appealable orders. "We have held that orders awarding attorney's fees *as a sanction* are not appealable until the amount of the sanction has been determined. *See Discon, Inc. v. NYNEX Corp.*, 4 F.3d 130, 133 (2d Cir. 1993); *Cooper v. Salomon Bros. Inc.*, 1 F.3d 82, 84-85 (2d Cir. 1993)." *Pridgen v. Andresen*, 113 F.3d 391, 394 (2d Cir. 1997).[1] There is no caselaw within the Fourth Circuit that casts any doubt on this logical and basic statement of the law.

An abundance of additional caselaw supports the patently obvious conclusion that a notice of appeal cannot deprive the District Court of jurisdiction unless the District Court has actually issued a final decision. *See Mogan v. Sacks, Ricketts & Case, LLP*, No. 21-cv-08431-TSH, 2022 U.S. Dist. LEXIS 38026, at *5-6 (N.D. Cal. Mar. 3, 2022) ("Because the notice of appeal is premature, it does not divest this Court of jurisdiction to determine the amount of sanctions"); *United States v.*

---

[1] The only exception to the rule – not applicable here – is when the attorney fee award appeal may be consolidated with a final judgment on the merits of the underlying action. *See BASF Corp. v. Old World Trading Co.*, 41 F.3d 1081, 1099 (7th Cir. 1994) ("a fee award that does not specify an amount or a means of determining the amount is not a final decision under 28 U.S.C. § 1291. . . However, we have recognized an exception where the order awarding fees in an amount not yet determined can be consolidated on appeal with a final order." Citations omitted.).

*Jones*, 367 F. App'x 482, 484 (4th Cir. 2010) ("the district court does not lose jurisdiction when the litigant takes an appeal from an unappealable order."); *Automobili Lamborghini S.P.A. v. Garcia*, 467 F. Supp. 3d 385, 394-95 (E.D. Va. 2020) ("'"[w]here the deficiency in a notice of appeal, by reason of...reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." *Ruby v. Sec'y of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) (en banc).").

The fact that Mr. Dhali continued to file oppositions and motions in the District Court ***after*** his April 30 notice of appeal (six documents filed) indicates that even he does not believe that the March 31 Order was a final order under § 1291 nor could he reasonably believe that the notice divested the District Court of jurisdiction to resolve all pending motions and the fee application itself. District Court ECF Nos. 118 (fee application); 123-24 (motions for reconsideration); 126/27 (motion for leave to file surreply).

On May 12, 2023, undersigned counsel for BC Architects filed a formal objection to Ms. Ali's docketing statement. Document No. 9. The objection points out that the District Court's March 31, 2023 order was not a final decision, and is therefore non-appealable.

On June 8, 2023 counsel for the parties engaged in a mediation session with the mediator for the U.S. Court of Appeals for the Fourth Circuit, The Hon. Jerome Woods II. All parties agreed that it was not possible to proceed with the appeal (or mediation) without a final order issued by the District Court. Yet, Mr. Dhali has refused undersigned counsel's requests that he withdraw the notice of appeal.

### IV. CONCLUSION

The District Court's March 30, 2023 Order is not a final decision under 28 U.S.C. § 1291. The District Court has issued no other orders that constitute final decisions under § 1291. This Court does not have jurisdiction and therefore the appeal should be dismissed.

Because the notice of appeal cannot have been filed in good faith, and has operated to delay and multiply these proceedings, BC Architects will file a separate motion for attorneys' fees and costs pursuant to Fed. R. App. P. 38 and 28 U.S.C. § 1927.

Dated: August 7, 2023


Respectfully submitted,

LARS LIEBELER PC

/s/ *Lars H. Liebeler*

_____
Lars H. Liebeler
900 7th Street, N.W.
Suite 725
Washington, D.C. 20001
Direct Telephone: (202) 774-1510
Email: LLiebeler@LHL-LawFirm.com
*Counsel for Appellee BC Architects Engineers PLC*

## LOCAL RULE 27(a) CERTIFICATION

I hereby certify that I requested that counsel for Plaintiff-Appellant withdraw the Notice of Appeal and of my intent to file this motion if he refused to do so. Opposing counsel declined to consent to the relief sought in the motion.

Dated: August 7, 2023                    Respectfully submitted,

/s/ *Lars H. Liebeler*

_____
Lars H. Liebeler
Counsel for Appellee

### CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because this document contains **_1,822_** words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using **_Microsoft Word for Mac, Version 16.75 in 14-point Times New Roman_**.

Dated: August 7, 2023                                   Respectfully submitted,

/s/ *Lars H. Liebeler*

_____

Lars H. Liebeler
Counsel for Appellee

## CERTIFICATE OF SERVICE

This is to certify that I have on this day, August 7, 2023, served all the parties in this case with this **Motion to Dismiss** in accordance with the notice of electronic filing ("ECF"), which was generated as a result of electronic filing in this Court.

/s/ *Lars H. Liebeler*

_____
Lars H. Liebeler
Counsel for Appellee BC Architects
Engineers PLC