IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| _____ <br><br> **NAWAL ALI,** <br><br> Appellant, <br><br> v. <br><br> **BC ARCHITECTS ENGINEERS PLC** <br><br> Appellee. <br> _____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   **No. 23-1470** |

**APPELLEE BC ARCHITECTS ENGINEERS PLC'S
MOTION FOR SANCTIONS PURSUANT TO FRAP 38
AND 28 U.S.C. § 1927**

I. INTRODUCTION

On August 7, 2023, Appellee BC Architects filed its motion to dismiss this appeal. Appeal Doc. 14. The basis for BC's motion to dismiss is the fact that the District Court has not issued a final order and therefore there is no legal authority establishing jurisdiction in this Court under 28 U.S.C. § 1291. Plaintiff-Appellant Ali's premature notice of appeal constitutes a frivolous appeal under Fed R. App. P. 38 and also warrants the imposition of sanctions pursuant to 28 U.S.C. § 1927. BC Architects has incurred damages and moves for an award of attorneys' fees.

## II.   PROCEDURAL HISTORY

The full procedural history of this long-running case is set forth in BC Architects' motion to dismiss. Appeal Doc. No. 14. The substance of Ms. Ali's race discrimination claims have been dismissed and those dismissals have been affirmed by this Court in two prior appeals (No. 19-1582 & 21-1736). Most relevant to the current motion is the following. On March 31, 2023 the District Court granted BC Architects' Motion for Sanctions against Ms. Ali's counsel Mr. Dhali pursuant to 28 U.S.C. § 1927. District Court Doc. No. 117. The grounds for the District Court's award was Mr. Dhali's continued pursuit of the case long after all evidence demonstrated that there was no factual or legal basis to sustain any of plaintiff's claims. The District Court's March 31 Order directed BC to submit a detailed statement of attorneys' fees and costs for evaluation by the District Court, and Plaintiff would be entitled to respond to that submission. On April 19, 2023, BC submitted its statement of fees and costs. District Court Doc. No. 118. Nonetheless, prior to the District Court making any further ruling on the amount of sanctions to be imposed on Ms. Ali's counsel, Mr. Dhali filed a notice of appeal on April 30, 2023. District Court Doc. No. 119.

The District Court has not subsequently issued any further rulings.

### III.    ARGUMENT

There is no legal basis or authority to support Ms. Ali's filing of a notice of appeal at this stage of the proceedings. The notice of appeal is premature and facially defective on the grounds that the District Court's March 31 Order was not a final appealable order. As set forth in detail in BC's Motion to Dismiss, controlling law holds that the notice of appeal is facially invalid to establish jurisdiction in this Court and thus the appeal should be dismissed.

The filing of an obviously premature notice of appeal constitutes a "frivolous appeal" under the letter and law of Rule 38. *See Grine v. Coombs*, 112 F. App'x 830, 834 (3d Cir. 2004) ("Moreover, although her statement that "prematurity even if established is not the equivalent of frivolity or lack of merit" is correct, her appeals in this case were so patently premature, they were unquestionably frivolous."). The premature notice also is sanctionable under 28 U.S.C. § 1927 on the basis that it has unreasonably multiplied these proceedings. *See Mesa Underwriters Specialty Ins. Co. v. Heskett*, No. 22-1116, 2022 U.S. App. LEXIS 35207, *11-15 (10th Cir. Dec. 20, 2022) (§ 1927 co-extensive with Rule 38 analysis).

The Seventh Circuit, in *Maneikis v. Jordan*, 678 F.2d 720, 722 (7th Cir. 1982), addressed a similar situation in which an attorney filed and attempted to pursue a clearly premature appeal:

> In this case, the appellee has incurred needless costs to protect his interests in this Court. Moreover, the appellant, ignoring a basic legal predicate, has imposed an unnecessary burden on this Court, and in so doing, has also infringed on the rights of legitimate litigants who are entitled to a prompt adjudication of their claims. *See Ruderer v. Fines*, 614 F.2d at 1132 ("The penalty aspect of the rule serves to vindicate public interests…."). Thus we find that this is an appropriate case in which to impose sanctions under Rule 38.
>
> In making that assessment in this case, however, we must also consider an additional factor. The specific problem in this appeal, disregard of the jurisdictional requirement, though attributable to the appellant, is in fact more a reflection of the incompetence or obstinancy of the appellant's attorney. *See Simon & Flynn, Inc. v. Time Incorporated*, 513 F.2d at 835("Counsel must realize that the decision to appeal should be a considered one …, not a knee-jerk-reaction to every unfavorable ruling."). He must have known that the order was not final, yet he nevertheless took an unwarranted procedural step.

678 F.2d at 722. *See also Roth v. Green*, 123 F. App'x 871, 876 (10th Cir. 2005) (O'Brien, J, concurring). ("An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Braley v. Campbell*, 832 F.2d 1504,1510 (10th Cir. 1987) (en banc), *quoting Taylor v. Sentry Life Ins.*, 729 F.2d 652, 656 (9th Cir. 1984). The subjective good faith of an attorney does not provide safe harbor. Sanctions are imposed when, viewed objectively, counsel's conduct "manifests either intentional or reckless disregard of the attorney's duties to the court." *Braley*, 832 F.2d at 1512. *See also Miera v. Dairyland Ins.*, 143 F.3d 1337, 1342 (10th Cir. 1998) ("to excuse objectively unreasonable conduct by an attorney would be to state that one who acts 'with an empty head and a pure heart' is not responsible for the consequences.") (citation omitted).").

There is no legal or factual basis to support Mr. Dhali's notice of appeal on behalf of his client, Ms. Ali. Given the opportunity to withdraw the notice of appeal after a failed mediation session with the Circuit mediator, and after requests from undersigned counsel, the only conclusion that can be drawn is that the notice was filed in bad faith to harass BC Architects and delay the ultimate resolution of these proceedings.

### IV. CONCLUSION

Independent of the findings by the District Court below that Mr. Dhali should be sanctioned for pursuing an obviously unmeritorious case and pursuing a frivolous appeal (in No. 21-1736), there is additional evidence to suggest that Mr. Dhali simply does not care to follow the rules of court. *See Sorto v. Autozone, Inc.*, 821 F. App'x 188 (4th Cir. 2020) (affirming dismissal of complaint with prejudice as sanction for Mr. Dhali's failure to obey court orders, the federal rules of civil procedure and the local rules); *Jones v. Campbell Univ.*, 322 F. Supp. 3d 106, 109 (D.D.C. 2018) (imposing sanctions of $2,500 on Mr. Dhali for frivolous filing and writing "no attorney who engaged in a reasonable inquiry into current law could argue, in good faith, that a district judge sitting in the District of Columbia may declare that an entire bench of judges on another district court are subject to mandatory recusal.").

Mr. Dhali's prior conduct weighs in favor of a finding that his premature notice of appeal in this matter was not a good faith mistake. Because the notice of appeal cannot have been filed in good faith, and has operated to delay and multiply these proceedings, the Court should enter an order imposing attorneys' fees upon Ms. Ali's counsel, Arinderjit Dhali, pursuant to Fed. R. App. P. 38 and 28 U.S.C. § 1927.

Undersigned counsel has expended the following hours as a result of Mr. Dhali's frivolous appeal:

**Attorney Time Expended by
BC Architects Engineers' Counsel
in Response to Plaintiff's Premature Notice of Appeal**

| Attorney | Date | Description | Hours |
|---|---|---|---|
| Liebeler | 4/30/23 | Analyze Plaintiff's notice of appeal; review court rules and 28 U.S.C. § 1291; research on whether premature notice of appeal divests District Court of jurisdiction. | .5 |
| Liebeler | 8/4/23 | Legal research on final decision requirement for appealability of order; research nationwide for rule re issuance of sanctions order without computation of fee award. | 1.0 |
| Liebeler | 8/6/23 | Draft and revise summary of relevant law regarding premature notice of appeal and supplement to fee request. | 1.0 |
| Liebeler | 8/7/23 | Research, draft, and file motion to dismiss appeal for lack of jurisdiction. | 3.5 |
| Liebeler | 8/8/23 | Research Rule 38 and 28 U.S.C. § 1927 caselaw for application to premature appeal; draft and file motion for sanctions. | 1.67 |
| Total | | | 7.67 |

Undersigned counsel has filed supporting documentation establishing an hourly rate of $555 in the District Court below. *See* District Court Document No.

118, at pp. 3-13. Applying this rate to the hours set forth below results in a loadstar of $4,256.85. No costs were incurred.

Dated: August 8, 2023

Respectfully submitted,

LARS LIEBELER PC

/s/ *Lars H. Liebeler*

_____
Lars H. Liebeler
900 7th Street, N.W.
Suite 725
Washington, D.C. 20001
Direct Telephone: (202) 774-1510
Email: LLiebeler@LHL-LawFirm.com
*Counsel for Appellee BC Architects Engineers PLC*

## LOCAL RULE 27(a) CERTIFICATION

I hereby certify that on July 29, 2023 and again on August 3, 2023, I requested that counsel for Plaintiff-Appellant withdraw the Notice of Appeal and of my intent to file a motion to dismiss if he refused to do so.  Opposing counsel declined to consent to the relief sought in the motion to dismiss.  After being forced to file the motion to dismiss, I did not request that opposing counsel consent to the imposition of sanctions for filing a frivolous appeal under Rule 38 and 28 U.S.C. § 1927.

Dated: August 8, 2023                                  Respectfully submitted,

/s/ *Lars H. Liebeler*

_____
Lars H. Liebeler
Counsel for Appellee

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because this document contains **_1,688_** words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using **_Microsoft Word for Mac, Version 16.75 in 14-point Times New Roman_**.

Dated: August 8, 2023                                  Respectfully submitted,

/s/ *Lars H. Liebeler*

_____

Lars H. Liebeler
Counsel for Appellee

## CERTIFICATE OF SERVICE

This is to certify that I have on this day, August 8, 2023, served all the parties in this case with this **Motion for Sanctions** in accordance with the notice of electronic filing ("ECF"), which was generated as a result of electronic filing in this Court.

/s/ *Lars H. Liebeler*

_____
Lars H. Liebeler
Counsel for Appellee BC Architects
Engineers PLC