**U.S COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

| | |
|---|---|
| **Nawal Ali** | ) |
|     **Plaintiff/Appellant,** | ) |
| | ) |
|     **vs.** | )   **Case No: 23-1470** |
| **BC Architects Engineers PLC** | ) |
|     **Defendant/Appellee.** | ) |

### Appellant's Response/Opposition to Defendant's Motion to Dismiss.

The Defendant/Appellee's motion for dismissal must be denied. As the Supreme Court held in *Budinich v. Becton Dickinson & Co., infra,* a decision on "costs" is not on the merits. On March 31, 2023, the District Court issued the decision on the merits and under the holding of *Budinich*, we filed our timely appeal within 30-days of the decision under Appellate Rule 4. This Court has jurisdiction under 28 U.S.C §1291.

### Part I. Factual and Procedural Background.

This is an employment retaliation case brought under 42 U.S.C. §1981. The Plaintiff/appellant Nawal Ali was employed as a CAD designer by the Defendant/Appellee BC Architects Engineers PLC (BC). BC terminated Ali eight (8) days after her March 30, 2016, protected activity, when they posted her job (Ex. **A**). Her termination was finalized a week later on April 15, 2016.

This appeal arises from BC's motion for sanctions under 28 U.S.C §1927. (ECF 84). BC Architects in their June 11, 2021, motion for sanctions against Ali, sought approximately $300,000 in sanctions and attorney's fees for every filing made by Ali, including Ali's <u>Opposition/Response</u> to BC's motion for summary judgment. Below is a summary of BC's sanctions sought for the filings made by Ali, and the outcome.

| BC's §1927 Sanctions Sought | BC's §1927 Sanctions Granted/Denied |
|---|---|
| Ali's filings at the US Equal Employment Opportunity Commission (EEOC) | Denied |
| Ali's filing of her Complaint (ECF 1) | Denied |
| Ali's filing of her First Amended Complaint (ECF 13) | Denied |
| Ali's filing of her Opposition to BC's R.12 motion to dismiss (ECF 23) | Denied |
| Ali's filing of the appeal, Case No. 19-1582 | Denied |
| Ali's filing of the Second Amended Complaint (ECF 50)[1] | Denied |
| Ali's filing of the Opposition to BC's R.56 motion for summary judgement (ECF 76). | Granted. |
|  |  |

In the case of the latter, our Opposition to BC's R.56 motion (ECF 76), specifically, the District Court in its March 31, 2023 (ECF 117) Order allowed

---

[1] The Second Amended Complaint was filed at the request of BC Architects. We never intended to file a second amended complaint.

2

sanctions and costs to be recovered for BC's Reply (ECF 79) to our Opposition to the Defendant's R.56 motion. Additionally, the District Court *sue sponte* also awarded BC sanctions under §1927 for the filing of our second appeal, case number 21-1736. The District Court held that the second appeal was "without merit." As we maintained in our Opposition to the fees request (ECF 124), there is nothing in this Court's Order affirming summary judgement that the appeal was "without merit." (ECF 124.) This Court's order from the second appeal is one paragraph long (Ex. **B**). The word "merit" is not in it.[2]

    It states:

> PER CURIAM:
>
>     Nawal Ali appeals the district court's order on remand awarding summary judgment to BC Architects Engineers, PLC on Ali's retaliatory termination claim under 42 U.S.C. § 1981. We have reviewed the record and discern no reversible error. Accordingly, we affirm the district court's order. *Ali v. BC Architects Eng'rs, PLC*, No. 1:18-cv-01385-AJT-MSN (E.D. Va. May 28, 2021). We also deny as moot BC Architects Engineers, PLC's motion for summary disposition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.
>
>                                                                                   *AFFIRMED*

---

[2] Even if the appeal was "without merit" (and it was not) meritless claims are not subject to sanctions under §1927. *See Luna v. Guilford Cnty., infra.*

3

In response to the District Court's March 31, 2023, Order, on April 19, 2023, BC submitted its request for attorney's fees and costs in the approximate amount of $67,000 (ECF 118). Our Opposition was filed on May 8, 2023 (ECF 124)[3]. In the interim, on April 30, 2023, we filed our timely notice of appeal (ECF 119) with this Court.

## Part II. Legal Analysis.

### A. Sanctions under §1927 are not recoverable when all plaintiff filed was a complaint and an amended complaint.

As an initial matter on the issue of sanctions under §1927, we have not been able to find any case law where a circuit (or district) court upheld a motion for sanctions under §1927, for the filing of an opposition to a motion for summary judgement. This Court said as much in *Sweetland v. Bank of Am. Corp*, 241 F. App'x. 92 (4th Cir. 2007) when it held that "it will be the unusual case in which the filing of a motion for summary judgment alone would constitute an unreasonable and vexatious multiplication of proceedings warranting a finding of bad faith[,]" for a claim under §1927. *Id.* at 97. (emphasis added.) We contend that it is even more unusual to warrant sanction to an opposition to a motion for summary judgment.

---

[3] ECF 122 and 123 were docket entries that were incorrectly categorized, we therefore refiled on May 8, 2023 (ECF 124) explaining the correction.

4

Additionally, when in here as a matter of law the only filings made by Ali were a complaint and oppositions to defendant's motions, §1927 sanctions are also not warranted. *See Debauchi v. Trani,* 191 F.3d 499, 511-12 (4th Cir. 1999) ("Debauche's attorneys filed only two documents, a complaint and an amended complaint […] We conclude as a matter of law that the filing of a single complaint cannot be held to have multiplied the proceedings unreasonably and vexatiously and therefore §1927 cannot be employed to impose sanctions.") (emphasis added). *Accord, Thomas v. Treasury Management Ass'n*, 158 F.R.D. 364, 369 (D. Md. 1994) (Employer not entitled to sanctions just because it prevailed in its R.56 motion, this despite the employee not filing a charge with the EEOC for claims under Title VII [….] "An additional point worth noting, […] pertains to the magnitude of the sanctions Defendant seeks, an amount exceeding $ 65,000. Defendant's prayer appears to be for its full attorney's fees, an altogether inappropriate request even if Plaintiff's actions regarding Count I had been found to be sanctionable.") (emphasis added); *Luna v. Guilford Cnty.*, No. 1:17-cv-00291, 2019 U.S. Dist. LEXIS 12065, at *7 (M.D.N.C. Jan. 24, 2019) ("**an attorney who files a meritless claim may not be sanctioned under §1927**[,]" even when attorney missed discovery deadlines, failed to follow local court rules and filed claims that were outside the statute of limitations, and a reasonable inspection would have revealed the weakness of the claims.) (emphasis added.);

5

*Cole-Parmer Instrument Co., LLC v. Pro. Labs., Inc.*, No. 0:21-cv-61756-GOODMAN, 2023 U.S. Dist. LEXIS 64380, at *22 (S.D. Fla. Apr. 12, 2023) ("To warrant sanctions under § 1927, an attorney must do more than merely pursue meritless claims; if that were the standard, sanctions "would be due in every case." [citing to] *McMahan v. Toto*, 256 F.3d 1120, 1129 (11th Cir. 2001).

**The decision on "costs" is not on the merits.**

BC has now filed its motion to dismiss, arguing *inter-alia* that because their attorney's fees and costs in the approximate amount of $67,000 have not been finalized, the District Court's March 31, 2023 Order and opinion (ECF 117) is not a final appealable order under 28 U.S.C §1291.

The Supreme Court of the United States disagrees.

In *Budinich v. Becton Dickinson & Co*., 486 U.S. 196 (1999), the Supreme Court made the distinction between the merits of a claim, and the costs. The former is immediately appealable, even if there is a pending decision on the costs. The Supreme Court held:

> As a general matter, at least, we think it indisputable that a claim for <u>attorney's fees is not part of the merits of the action</u> to which the fees pertain. Such an award does not remedy the injury giving rise to the action, and indeed is often available to the party defending against the action. <u>At common law, attorney's fees were regarded as an element of "costs"</u> awarded to the prevailing party, see 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure: Civil § 2665 (1983), <u>which are not generally treated as part of the merits judgment</u>, cf. Fed. Rule Civ. Proc. 58 ("Entry of the judgment shall not be delayed for the taxing of costs"). Many federal

statutes providing for attorney's fees continue to specify that they are to be taxed and collected as "costs[.]") (emphasis added.)

*Id* at 200-01.

Even when BC submitted its requests for $67,000 in attorney's fees, it styled its header on its brief as one for "<u>costs</u>."

**BC ARCHITECTS' REQUEST FOR ATTORNEYS' FEES AND COSTS PURSUANT TO 28 U.S.C. § 1927** (ECF 118: Ex. **C**[4])

We relied on BC's representations to the District Court in its brief for "costs," and our understanding of *Budinich* to file our notice of appeal.

In *Budinich, supra,* the petitioner contended that his appeal was timely, since he filed his notice of appeal when the decision on "costs" had been issued. The Supreme Court in affirming the Tenth Circuit <u>rejected that argument</u>, and deemed that petitioner's appeal after the decision on costs was issued, was <u>untimely</u>. *See also S. All. for Clean Energy v. Duke Energy Carolinas, LLC*, 650 F.3d 401, 405-06 (4th Cir. 2011) ("Duke Energy asks us to revisit the district court's merits determinations solely for the purpose of setting aside the district court's attorneys' fee award. Fee determinations are generally distinct from merits determinations. *See Budinich v. Becton Dickinson & Co*., 486 U.S. 196, 202-03 (1988). Indeed, it has been recognized that a merits determination on which a fee award is based

---

[4] Only the first page of BC's Brief is being provided.

7

generally cannot be revisited on appeal from the fee award."); *Ray Haluch Gravel Co. v. Cent. Pension Fund of the Int'l Union of Operating Eng'rs*, 571 U.S. 177, 179 (2014) ("<u>Whether the claim for attorney's fees is based on a statute, a contract, or both, the pendency of a ruling on an award for fees and costs does not prevent, as a general rule, the merits judgment from becoming final for purposes of appeal</u>.") (emphasis added.)

In our case, as soon as the District Court issued its merits decision on the issue of sanctions on March 31, 2023, we filed our timely notice of appeal within 30-days under Appellate Rule 4, or by April 30, 2023. BC also <u>does not</u> contend that our April 30, notice of appeal was untimely; they simply maintain that insofar as the decision on "costs" is still pending, the decision is not final. BC's position is contrary to the holding in *Budinich, supra* and *Ray Haluch Gravel Co., supra.*

We relied on *Budinich, supra* to file our timely appeal.

BC in its motion to dismiss has relied on out of circuit decisions for the proposition that the decision is not yet appealable. We are unsure of their validity in the Fourth Circuit. We were also not going to risk the fate of the petitioner in *Budinich*, had we filed our appeal upon the issuance of "costs" only for this Court and BC to then cite to *Budinich* and now argue that our appeal was untimely.

We raise one final point on this.

8

BC has cited to *Sorto v. Autozone, Inc.*, 821 F. App'x 188, 192-95 (4th Cir. 2020) (unpublished) a case of ours on an FMLA and disability matter. Autozone never filed a motion for sanctions or sought sanctions. We also do not believe this Court awarded sanctions in *Autozone*, and if it was, it was a $0.00 sanctions case. BC however has relied on *Autozone* for the proposition that we were sanctioned because in dicta the word "sanction" was used by this Court. *See* fn. 8 of their brief.

If under BC's logic a $0.00 sanction case is evidence of sanctions, what is keeping this Court from analyzing the sanctions Order in this matter? As of today, our appeal is also from a $0.00 sanctions case. We posed this question to BC before it filed its motion to dismiss. We never received a reply. (Ex. **D**, pg. 5). Our emails with counsel for BC also show that we were open to having a stay on the appeal, pending the issuance of any decision for "costs" from the District Court. This Court can also issue a stay rather than dismiss the action. This could save us the trouble of paying another filing fee. BC refused to entertain this idea and instead filed a motion to dismiss and motion for sanctions. The latter is their *modus operandi*. BC will file a motion for sanctions for anything and everything, it is as the third circuit stated, the hardball tactics of modern day litigation. *See Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 485 (3d Cir. 1987) ("The use of Rule 11 as an additional tactic of intimidation and harassment has become part of the so-called

"hardball" litigation techniques espoused by some firms and their clients. Those practitioners are cautioned that <u>they invite retribution from courts which are far from enchanted with such abusive conduct</u>.") (emphasis added.)

In short, when in here BC in their own brief to the Court has asked for "costs," the merits of the case have already been decided and immediately appealable under the holding of *Budinich.* This keeps it simple for everyone. This was also emphasized by the Supreme Court.

> The time of appealability, having jurisdictional consequences, should above all be clear. We are not inclined to adopt a disposition that requires the merits or nonmerits status of each attorney's fee provision to be clearly established before the time to appeal can be clearly known. Courts and <u>litigants are best served by the bright-line rule</u>, which accords with traditional understanding, that a decision on the merits is a "final decision" for purposes of § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case." (emphasis added)

486 U.S. at 202-03.

## Conclusion

For all the reasons in here, BC's motion must be denied.

**Respectfully Submitted,**

/s/ A.J Dhali<br>
Dhali PC<br>
1629 K. Street. NW. Suite 300.<br>
Washington D.C. 20006<br>
T: (202) 556-1285 F: (202) 351-0518<br>
Email: ajdhali@dhalilaw.com<br>
Thursday August 17, 2023.

10

## Certificate of Service

A copy of the foregoing was filed on 8/17/2023 via ECF with copies sent to counsel for BC Architects and this Court.

/s/ A.J Dhali