IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| **NAWAL ALI,** | ) ) ) ) ) ) |
| Appellant, | ) ) |
| v. | No. 23-1470 ) ) |
| **BC ARCHITECTS ENGINEERS PLC** | ) ) ) ) |
| Appellee. | ) ) ) ) |

**APPELLEE BC ARCHITECTS ENGINEERS PLC'S
REPLY IN SUPPORT OF
MOTION FOR SANCTIONS PURSUANT TO FRAP 38
AND 28 U.S.C. § 1927**

I. **INTRODUCTION**

Arinderjit Dhali's baseless filing of a notice of appeal from the District Court's interlocutory non-final order of March 31, 2023 warrants the imposition of sanctions. Mr. Dhali's attempt to justify his actions in the two oppositions that he has filed in this Court confirms that the imposition of sanctions is necessary and appropriate.

Section 1927 of Title 28 "permits sanctions only for bad-faith conduct that wrongfully multiplies proceedings." *Six v. Generations Fed. Credit Union*, 891

F.3d 508, 520 (4th Cir. 2018). In addition, "federal courts have inherent authority to sanction. This authority derives from courts' "certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Six v. Generations Fed. Credit Union*, 891 F.3d 508, 519 (4th Cir. 2018) (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186, 197 L. Ed. 2d 585 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)).

Based on both the method of his filings and the substantive content of Mr. Dhali's opposition to BC Architects' motion to dismiss this appeal and the motion for sanctions, he should be sanctioned under 28 U.S.C. § 1927, Rule 38, and the Court's inherent powers.

## II.  ARGUMENT

Mr. Dhali's premature filing of a notice of appeal, and his strident defense of his baseless filing, have interfered with the "orderly and expeditious disposition" of this case, have delayed the ultimate outcome, and have imposed significant fees upon BC Architects.

### A. Mr. Dhali's Attempt to Defend the Premature Notice of Appeal is Utterly Without Merit

Mr. Dhali's sole task in responding to BC Architects' motion to dismiss was to provide support for the concept that he was justified in filing a notice of appeal

from the District Court's March 31 interlocutory order granting BC's motion for sanctions; that order was clearly not final and directed the parties to file further brief on the amount of the sanctions to be imposed. Instead of providing caselaw and rational support for his appeal, Mr. Dhali devotes three full pages attempting to challenge the District Court's Order granting sanctions and rehashing the substantive merits of the case. Ali Opp. to Motion to Dismiss at 4-6. Responding to BC's jurisdictional motion to dismiss with argument on the supposed merits of the appeal itself demonstrates Mr. Dhali's intentional and flagrant disregard for the orderly conduct of these proceedings. There is no possible relevance of his inclusion of arguments on the merits of the District Court's award of sanctions to the question of whether this Court has jurisdiction at this time under 28 U.S.C. § 1291 on the basis of his premature notice of appeal. Mr. Dhali's inclusion of this argument is simply bad faith, is frivolous, and has unreasonably multiplied these proceedings.

On page 6 of his opposition to the BC motion to dismiss, Mr. Dhali makes an effort to justify his premature notice of appeal. However, the case that he cites and discusses has absolutely no bearing on the question of whether the Court has jurisdiction in this case. In *Budinich v. Becton Dickinson,* 486 U.S. 196 (1988), the plaintiff prevailed in an employment suit, but was dissatisfied with the amount of the award. Plaintiff filed a motion for a new trial, and also a motion for an award

of attorneys' fees.  The District Court denied the motion for a new trial, and granted the motion for attorneys' fees, directing the parties to file papers regarding the amount of attorneys' fees. 486 U.S. at 197.  The Plaintiff filed a notice of appeal of all issues, including the denial of the motion for a new trial, at the conclusion of the proceedings on the attorney fee award (which was more than 30 days after the original order denying the motion for a new trial).  The Tenth Circuit granted the defendant's motion to dismiss the appeal of the denial of the new trial motion on the grounds the notice of appeal was untimely. *Id.* at 198.  The Supreme Court affirmed. *Id.* at 203.

   The Supreme Court's ruling in *Budinich* is not relevant to this case in any way, shape or form.  The substantive merits of Ms. Ali's case have long since been decided.  The District Court entered summary judgment in favor of BC over two years ago, on May 28, 2021.  This Court affirmed the judgment in BC's favor in Appeal No. 21-1736 on December 29, 2022.  The District Court exercised its discretion in 2021 to withhold a decision on attorneys' fees and costs until after this Court affirmed its entry of summary judgment on the merits.  Only after the judgment was affirmed in December 2022 did the District Court take up the question of attorneys' fees and costs.  There is no issue relating to the substantive merits of any of Ms. Ali's claims, therefore *Budinich* has no relationship or conceivable relevance to this case.

Mr. Dhali's citation to *Budinich* and his flat refusal to address any of the cases cited by BC showing that an attorney fee award that does not establish the amount of fees is not a final appealable order constitutes bad faith. His claim that the District's Court March 31 order sanctioning his conduct is a final appealable order does not constitute a good faith effort to change or extend the law; his argument is clearly wrong and there is not one authority from any jurisdiction that supports his position.

### B. MR. DHALI'S OPPOSITION TO THE MOTION FOR SANCTIONS CONFIRMS THE BASIS FOR SANCTIONS

Mr. Dhali's August 21 opposition to the motion for sanctions in this Court is largely and "block and copy" repeat of his opposition to the motion to dismiss. Pages 1-4 repeat the wholly incorrect argument that the District Court order finding that Mr. Dhali engaged in sanctionable conduct is a final decision on the "merits" under *Budinich*. Mr. Dhali then engages in another lengthy discussion of the substantive merits of Ms. Ali's claims that were dismissed by the District Court and affirmed by this Court. Ali Opp. to Sanctions at 5-11.

Mr. Dhali's tactic to attach trial exhibits (Exhibit C) and quote deposition testimony that bear absolutely no relevance to the question of whether his premature notice of appeal merits sanctions confirms that sanctions are in fact appropriate. The plain text of § 1927 supports this conclusion as the statute is

focused on remedying conduct that "multiplies the proceedings . . . unreasonably and vexatiously."

One additional issue arises from Mr. Dhali's opposition. In three separate locations in his opposition Mr. Dhali places the following words in quotation marks: "lazy good for nothing." Ali Opp. to Sanctions at 6 (2 times), 7, n.4. The conclusion that Mr. Dhali seeks to convey to the Court is that someone from BC Architects actually used those words to describe Ms. Ali. But, that in fact is not the case. There is not one document, email, or any deposition testimony at any time in this proceeding suggesting that anyone at BC ever ever referred to Ms. Ali in this way. The quote marks are included by Mr. Dhali alone to fabricate evidence that does not exist. This conduct is unethical and sanctionable.

### III. CONCLUSION

In two places, Mr. Dhali suggests that his conduct is not sanctionable because he suggested that BC counsel agree to a "stay in the action." Ali Opp. to Sanctions at 4; Ali Opp. to Motion to Dismiss at 9. Any agreement between the parties to extend a Court of Appeals briefing schedule does not create appellate jurisdiction where none exists. His offer has no relevance to the motion to dismiss or this motion for sanctions.

Finally, on page 9 of his opposition to the motion to dismiss, Mr. Dhali includes a discussion of this Court's decision in *Sorto v. Autozone, Inc.*, 821 F. App'x 188,

194 (4th Cir. 2020). The case and its result have no bearing on the motion to dismiss, but they do have a bearing on this motion for sanctions. In *Sorto* the District Court dismissed a case filed by Mr. Dhali based on his misconduct and refusal to follow court rules. This Court affirmed the sanction of dismissal with prejudice: "In light of this pattern of noncompliance, we see no error in the court's assessment that Sorto's failures constituted outright defiance, rather than mere oversight, and accordingly a sanction less drastic than dismissal would likely have been ineffective. *Sorto v. Autozone, Inc.*, 821 F. App'x 188, 194 (4th Cir. 2020).

It is evident from his conduct in this proceeding, and his past cases, that Mr. Dhali enjoys playing fast and loose with the rules. His misconduct, however, is unethical and imposes great costs on innocent parties such as BC Architects. BC respectfully requests that the Court grant its motion for sanctions.

Dated: August 22, 2023

Respectfully submitted,
LARS LIEBELER PC

/s/ *Lars H. Liebeler*

_____
Lars H. Liebeler
900 7th Street, N.W.
Suite 725
Washington, D.C. 20001
Direct Telephone: (202) 774-1510
Email: LLiebeler@LHL-LawFirm.com
*Counsel for Appellee BC Architects Engineers PLC*

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because this document contains ***1,740***words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using ***Microsoft Word for Mac, Version 16.75 in 14-point Times New Roman***.

Dated: August 22, 2023                          Respectfully submitted,

/s/ *Lars H. Liebeler*

_____
Lars H. Liebeler
Counsel for Appellee

## CERTIFICATE OF SERVICE

      This is to certify that I have on this day, August 22, 2023, served all the parties in this case with this **Reply in Support of Motion for Sanctions** in accordance with the notice of electronic filing ("ECF"), which was generated as a result of electronic filing in this Court.

/s/ *Lars H. Liebeler*

_____
Lars H. Liebeler
Counsel for Appellee BC Architects
Engineers PLC